# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMIAH TOBIAH ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-638-F |
| STATE OF OKLAHOMA et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Jeremiah Tobiah Allen, a state inmate appearing pro se, has submitted a one-paragraph handwritten document alleging that "Defendants acting under color of law" violated his constitutional rights against unreasonable searches and seizures. Compl. (Doc. No. 1) at 1. Plaintiff has also applied to proceed *in forma pauperis* or "IFP." *See* Pl.'s IFP Appl. (Doc. No. 5) at 1.

United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that Plaintiff's IFP application be denied under 28 U.S.C. § 1915(g), and that this action be dismissed without prejudice because Plaintiff has failed to prosecute his case in accordance with this Court's orders and procedural rules.

## BACKGROUND

On June 9, 2017, the undersigned issued an Order informing Plaintiff of deficiencies that needed to cured before his new civil action could proceed. *See* Order of June 9, 2017 (Doc. No. 4) at 1-3; LCvR 3.3(d). First, Plaintiff's Complaint did not separately identify

the defendants, provide a "short and plain statement" of the facts supporting his legal claims, or include a decipherable "demand for the relief sought"—all of which are required by the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's approved Pro Se Prisoner Civil Rights Complaint form. Order of June 9, 2017, at 1 (citing Fed. R. Civ. P. 8(a); LCvR 9.2(a)).

Second, Plaintiff had neither paid the required $400.00 filing fee nor submitted an application to proceed *in forma pauperis* in this action. *Id.* at 1-2. The undersigned explained that any plaintiff seeking to proceed *in forma pauperis* must submit a sworn application on forms approved and supplied by this Court. *See id.* at 2 (citing LCvR 3.3(a); 28 U.S.C. § 1915(a)(1)). Additionally, because Plaintiff was incarcerated when he initiated this action, the undersigned explained that Plaintiff was required by federal statute and by this Court's Local Civil Rules to provide certain information and supporting documentation regarding his jail or prison bank account(s), which must be certified by an appropriate official. *See id.* (citing 28 U.S.C. § 1915(a)(2); LCvR 3.3(b)).

The Order directed Plaintiff to cure these deficiencies by: (1) submitting an amended complaint on the Court's approved form to the Clerk of Court for filing no later than June 30, 2017; and (2) either paying the $400.00 filing fee or submitting a properly supported IFP application no later than June 30, 2017. *See id.* at 2. Plaintiff was warned that his action may be dismissed without prejudice if he failed to comply with this Order. *Id.* The Clerk of Court promptly mailed the Order, along with blank copies of the approved forms, to Plaintiff at his address of record.

The Court Clerk's office received Plaintiff's IFP application on June 29, 2017. *See* Pl.'s IFP Appl. Ex. 1 (Doc. No. 5-1) at 1 (envelope). Plaintiff's IFP application includes the required affidavit stating that Plaintiff is "unable to prepay the costs of this action or give security therefor because of [his] poverty," but it is missing necessary financial information and supporting documentation obtained from an appropriate jail official. Pl.'s IFP Appl. at 1, 3-4; *see* 28 U.S.C. § 1915(a)(1)-(2); LCvR 3.3(b). On July 7, 2017, the undersigned issued a Second Order to Cure Deficiencies, informing Plaintiff that his IFP application was still missing required financial information. *See* Order of July 7, 2017 (Doc. No. 6) at 1-3; LCvR 3.3(d). The Order also informed Plaintiff that the deficiencies in his Complaint still needed to be cured. *See* Order of July 7, 2017 at 1, 2; LCvR 9.2(a).

As of today's date, Plaintiff has neither filed an amended complaint nor sought an extension of time within which to do so. Nor has Plaintiff provided the required financial information.

ANALYSIS

I.  Plaintiff's IFP Application

Federal law requires any *in forma pauperis* applicant who is also a prisoner to provide the Court with certain information regarding his or her prison bank account(s), which must be certified by an appropriate prison or jail official:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . *shall submit a certified copy of the trust fund account statement* (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

3

28 U.S.C. § 1915(a)(2) (emphasis added); *see* Pl.'s IFP Appl. at 3-4. Additionally, this Court's Local Civil Rules require that a prisoner's IFP application "must also include a certificate executed by an authorized official of the appropriate penal institution stating":

> (1) the amount of money or securities currently on deposit to the prisoner's credit in any institutional account; (2) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the action; *and* (3) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the action.

LCvR 3.3(b) (emphasis added); *see* Pl.'s IFP Appl. at 3-4; 28 U.S.C. § 1915(b)(1).

Plaintiff's IFP application includes a certificate signed by an official responsible for "Records" at the Payne County Jail stating that Plaintiff had $0.00 in his institutional accounts on June 13, 2017. Pl.'s IFP Appl. at 3-4; *see* LCvR 3.3(b)(1). But this official did not provide any financial information for the six-month period immediately preceding the filing of Plaintiff's complaint, and Plaintiff did not attach a certified copy of his actual account statement (or institutional equivalent) for the same six-month period. *See* Pl.'s IFP Appl. at 3-4; *see also* 28 U.S.C. § 1915(a)(2); LCvR 3.3(b)(2)-(3). The undersigned recommends that Plaintiff's IFP application (Doc. No. 5) be DENIED. *See Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540 (10th Cir. 2008); *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); 28 U.S.C. § 1915.

II.   Plaintiff's Failure to Prosecute

Ordinarily, a plaintiff who is denied leave to proceed *in forma pauperis* will be given 21 days to pay the required filing fee before the action is dismissed. LCvR 3.3(e). In this case, however, Plaintiff's lawsuit is subject to dismissal even if he had paid the full $400.00

4

filing fee because Plaintiff has failed to prosecute his case in accordance with this Court's orders and procedural rules.

This Court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). "Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from courts' calendars where there has been prolonged and unexcused delay," *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988), or to "sanction a party . . . for failing to comply with local or federal procedural rules," *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted); *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014) (citing Fed. R. Civ. P. 41(b)).

In June 2017, the Court informed Plaintiff that his one-paragraph complaint—which alleges only that unidentified "Defendants acting under color of law" violated Plaintiff's constitutional right against unreasonable searches and seizures—did not comply with certain federal and local procedural rules. *See* Order of June 9, 2017, at 1 (citing Fed. R. Civ. P. 8(a); LCvR 9.2(a)); Compl. at 1. The Court instructed Plaintiff to file an amended complaint curing these defects and warned him that his failure to do so by June 30, 2017, may result in this action being dismissed. *See* Order of June 9, 2017, at 1, 2. In July 2017, the Court again instructed Plaintiff to file an amended complaint curing the specific defects

and advised him that his failure to do so by July 28, 2017, would result in this action being dismissed. *See* Order of July 7, 2017, at 1-3. Despite being given ample opportunity to do so, Plaintiff has neither submitted an amended complaint nor explained to the Court why he could not do so within the time given.

Plaintiff's failure to comply with the Court's rules, orders, and deadlines leaves the Court unable to "achieve [an] orderly and expeditious" resolution of this action, *Link*, 370 U.S. at 631, and warrants dismissal. *See Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 969 (10th Cir. 2001); *Gilyard v. Gibson*, No. CIV-11-22-D, 2012 WL 1564725, at *1 (W.D. Okla. May 3, 2012) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007)). The undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice to refiling because Plaintiff has failed to prosecute his case in accordance with this Court's orders and procedural rules.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's IFP Application (Doc. No. 5) be denied under 28 U.S.C. § 1915(g), and that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice for Plaintiff's failure to comply with the Court's orders and procedural rules, with no costs imposed or fees collected.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 26, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 5th day of September, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE